Filed 4/10/15  P. v Martinez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072529 |
| v. | (Super. Ct. No. 11F03439) |
| JUAN MARTINEZ, | |
| Defendant and Appellant. | |

A jury found defendant Juan Martinez guilty of possessing a sharp instrument while an inmate.  (Pen. Code, § 4502, subd. (a).)[1]  The trial court then found true allegations defendant had sustained a prior strike conviction, and defendant was sentenced to serve six years in prison.

On appeal, defendant contends imposition of restitution and parole revocation restitution fines in the amount of $240 constituted an ex post facto application of the law and must be reduced to the minimum amount of $200.  The People agree the fines should be reduced to $200 because the trial court intended to impose the minimum restitution

---

[1]     Undesignated statutory references are to the Penal Code.

fine.  We conclude defendant forfeited his contention because he failed to object in the trial court.  Accordingly, we affirm the judgment.

## *Imposition of Sentence*

The probation report originally recommended a restitution fine of $1,200.  The trial court indicated at the sentencing hearing that it had read the report.  Defense counsel stated she had received and reviewed the report with defendant.  At sentencing, defense counsel asked, because defendant "is currently serving a life term . . . that the Court impose a restitution fine of the statutory minimum of $200."  The People made no comment on the request to reduce the fine from $1,200 to $200.  The trial court ordered defendant to "pay a restitution fine pursuant to . . . Section 1202.4 in the amount of $240, the minimum went up, to be paid forthwith."  The court also imposed and stayed a parole revocation restitution fine in the same amount pursuant to section 1202.45.  At the end of the hearing, the trial court asked both counsel if there was "[a]nything else," to which both responded, "No."

## *Analysis*

Claims of error relating to sentences permitted by law but "imposed in a procedurally or factually flawed manner" are forfeited if not objected to in the trial court.  The "unauthorized sentence exception" is a narrow exception to the forfeiture doctrine that applies where the sentence could not lawfully be imposed under any circumstances in a particular case.  (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218; *People v. Scott* (1994) 9 Cal.4th 331, 353-354.)

Here, the sentence was "imposed in a procedurally or factually flawed manner" because the trial court made a mistake in assuming the minimum fine was $240 rather than $200.[2]  While the result was a slight increase to defendant's restitution fine over his

---

[2]    The offense was committed on March 29, 2011.  Sentencing took place on November 9, 2012.  Although the minimum fine was increased to $240 as of January 1,

2

actual minimum fine, the fine imposed was within the statutory range and no one objected to the amount of the fine imposed. We note the $240 fine imposed was a significant reduction from the $1,200 fine recommended in the probation report. It is quite possible defense counsel made a tactical decision not to object to the imposition of a $240 fine, in lieu of the $1,200 recommendation, after the People did not comment earlier on the request for a reduction. By bringing the $40 difference to the trial court's attention, it is possible the People would have argued against any reduction from the $1,200 recommendation and the trial court could have increased the fine. Based on the record, we conclude defendant's claim of error is forfeited.

DISPOSITION

The judgment is affirmed.


      HOCH     , J.


We concur:


     MURRAY    , Acting P. J.


      DUARTE    , J.

---

2012 (Stats. 2011, ch. 358, § 1), the minimum fine at the time defendant committed the offense was $200 (Stats. 1996, ch. 629, § 3, pp. 3465-3469).